RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  1 / 11 / 06
BY   DM

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

STANDARD INSURANCE COMPANY

versus    CIVIL ACTION NO. 04-1366
          JUDGE TOM STAGG

MARY ROSE MORAN CECOLA and
RUSSELL A. CECOLA

## MEMORANDUM RULING*

Before the court are two motions for summary judgment, one filed by each of the remaining parties in this action (Record Documents 19 and 21), as a result of an interpleader filed by an insurer and the dismissal of the insurer thereafter. Based on the following, the motion for summary judgment filed by Mary Rose Moran Cecola ("Mrs. Cecola") (Record Document 21) is **DENIED** and the motion for summary judgment filed by Russell Cecola ("Mr. Cecola") (Record Document 19) is **GRANTED**.

---

*This opinion is not intended for commercial print or electronic publication.

## I. BACKGROUND

On March 5, 2003, Thomas Cecola ("Cecola") passed away. The unfortunate dispute that is currently before the court ensued as a result of a life insurance policy issued by Standard Insurance Company ("Standard") to Cecola. Cecola was a physician who completed an application for life insurance and designated the beneficiary for $500,000.00 in proceeds. The exact language at issue is as follows:

**COMPLETE IF YOU ELECTED LIFE, SURVIVOR ANNUITY, AD&D OR SHORT TERM DISABILITY**

39. Name of Beneficiary _____
    Last       First       Middle       Relationship

40. Address of Beneficiary _____
    Street       City       State       Zip

Record Document 19, Ex. A5 at 2. On the blank line for name of beneficiary, Cecola handwrote the following: "Cypress River Ranch Trust./Russell A. Cecola." Id. On the blank line for address of beneficiary was handwritten: "Route 2 Box 79 Karnack, TX 75661." Id. Cypress River Ranch Trust was determined to be a non-existent entity. Accordingly, an issue arose as to whether the beneficiary designation was valid, due to the use of the slash mark, also referred to as a virgule.

Because of conflicting claims for the proceeds of the policy, Standard filed a complaint for interpleader, seeking a determination of entitlement to proceeds of the life insurance policy on the life of Cecola. Mr. and Mrs. Cecola, the father and mother of Cecola, were named as defendants, as each claimed entitlement to the proceeds. Standard paid one-half of the proceeds to Mr. Cecola as a named beneficiary and deposited the remaining proceeds in the registry of this court. By partial consent judgment dated February 22, 2005, Mr. and Mrs. Cecola agreed to dismiss Standard from this action, with prejudice. Thereafter, Mr. Cecola filed a motion for summary judgment seeking a declaration that the policy language entitled him to the remaining proceeds from the life insurance policy. See Record Document 19. A few days later, Mrs. Cecola filed a motion for summary judgment of her own, seeking a similar declaration. See Record Document 21.

## II. ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., Inc.,402 F.3d 536, 540 (5th Cir. 2005).

**B.  Contract Interpretation.**

In determining the beneficiary of a life insurance policy, it is necessary to ascertain the intention of the deceased. In this regard, this court is bound to give

4

legal effect to the insurance policy and its terms, according to the true intent of the parties. See La. Civ. Code art. 2045. That intent is determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. See La. Civ. Code art. 2046.

The rules governing interpretation of insurance policies are well-settled. An insurance policy should be construed by using the general rules of interpretation in the Louisiana Civil Code. The law on contract interpretation can be summed up as follows:

> When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. See La. Civ. Code art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. See La. Civ. Code art. 1848. Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. Whether a contract is ambiguous or not is a question of law.

Fleniken v. Entergy Corp., 99-3023 (La. App. 1 Cir. 2/16/01), 790 So.2d 64, 73 (other citations omitted). "Words and phrases in insurance policies are to be

construed using their plain, ordinary, prevailing meaning, unless the words have acquired a technical meaning." Holden Bus. Forms Co., Inc. v. La. State Univ. Health Sci. Ctr.-Shreveport, 39,638 (La. App. 2 Cir. 7/8/05), 908 So.2d 86, 89.

This court's initial inquiry must be whether the words used in designating a beneficiary, when viewed in their totality, are clear and unambiguous. Mrs. Cecola asserts that the beneficiary designation is ambiguous because of the use of the virgule. That fact that a term (or a symbol, in this instance) is not defined in a policy, however, does not alone make it ambiguous. See McKittrick v. La. Health Serv. and Indem. Co., 37,104 (La. App. 2 Cir. 4/9/03), 843 So.2d 577, 580. Instead, the virgule must be given its plain meaning. See Louisiana Civil Code art. 2047. Mr. Cecola correctly contends that the common understanding of the undefined item controls, and he asserts that the virgule is defined as "or." In addition, under Louisiana contract law, "[w]ords susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La. Civ. Code art. 2048.

When the plain wording of the contract is viewed as a whole, it is clear that the intended beneficiary of the policy was Mr. Cecola, despite Mrs. Cecola's

arguments to the contrary. The beneficiary designation reads, "Cypress River Ranch Trust./Russell A. Cecola." Record Document 19, Ex. A5 at 2. Mrs. Cecola was mentioned nowhere in the policy whatsoever. Any other conclusion would render the beneficiary designation meaningless. Louisiana contract interpretation rules provide that every provision of a policy must be construed in the context of the policy as a whole; one policy provision is not to be construed separately. See La. Civ. Code art. 2050. In addition, if a provision is susceptible to different meanings, it must be interpreted to have a meaning that renders it effective. See La. Civ. Code art. 2049.[1] While the wording of this beneficiary designation clause might be improved, the ordinary person of common understanding, when reading this clause, would readily understand that Mr. Cecola was the intended beneficiary. Further-

---

[1] Mrs. Cecola attempts to argue that the beneficiary designation "fails on its face" and refers, without reference or citation to an attachment, to a policy provision regarding designation of beneficiaries. This court is unaware of any such policy provision, as the policy was not provided to the court, but for the three page physician enrollment form wherein the beneficiary designation was written. Thus, Mrs. Cecola's arguments regarding a "disjunctive beneficiary designation" need not be addressed. However, even *had* Mrs. Cecola provided a complete copy of the life insurance policy or even the portion she referred to in her motion for summary judgment, her argument would nevertheless fail.

more, in construing the words of this clause according to their commonly understood meaning, an absurd consequence is not reached.

This conclusion is supported by Louisiana case law interpreting the use of the virgule in a contract. In <u>Heritage Bank v. Redcom Laboratories, Inc.</u>, 250 F.3d 319, 326 (5th Cir. 2001), the Fifth Circuit, in discussing a letter of credit that required an "invoice/bill of lading" stated, "The virgule separating the two terms signifies that Redcom may provide either an invoice or a bill of lading." The court then referenced the American Heritage Dictionary of the English Language, which defines a "virgule" as "[a] diagonal mark (/) used especially to separate alternatives." <u>Id.</u> In <u>Stuart C. Irby Co. v. Newman's Elec. of Albany, Inc.</u>, No. 86-0906, 1986 WL 14180, at *1 (E.D. La. Dec. 8, 1986), the district court, in supplementing its reasons for judgment, discussed the virgule and its use in the Uniform Commercial Code. The court determined, after agreeing with the reasoning of cases cited from other jurisdictions, that a "virgule between named payees means that the instrument is payable in the alternative." <u>Id.</u>

An insurance contract should not be interpreted in a strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what

is reasonably contemplated by unambiguous terms. Mr. Cecola was clearly the intended beneficiary. Accordingly, Mr. Cecola's motion for summary judgment is **GRANTED.** Mrs. Cecola's motion for summary judgment is **DENIED.**[2] A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of January, 2006.

JUDGE TOM STAGG

---

[2] Mrs. Cecola has also filed a motion to strike certain paragraphs of the affidavits of Russell Cecola and Patrick Cecola. See Record Document 25. Finding that the beneficiary designation at issue is clear and unambiguous, this court did not consider parol evidence in order to show the intention of the deceased. Regardless, this court is aware of Federal Rule of Civil Procedure 56's admonition that only admissible evidence may be considered in ruling on a summary judgment motion. See Stults v. Conoco, Inc., 76 F.3d 651, 654-55 (5th Cir. 1996). Accordingly, Mrs. Cecola's motion to strike (Record Document 25) is **MOOT.**